**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **In Re:** § | | **Case No. 21-70009-EVR** |
| **JOSIAH'S TRUCKING, LLC** § | | **(Involuntary Proceeding)** |
| **Alleged Debtor(s)** § | | **Chapter 7** |

**EMERGENCY MOTION TO COMPEL ALLEGED DEBTOR**
**TO TURN OVER PROPERTY OF THE ESTATE**
[Relates to Docket No. 15]

*BLR 9013 Notice:* **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**Emergency relief has been requested.  If the Court considers the motion on an emergency basis, you will have less than 21 days to answer. If you object to the requested relief or if you think that emergency consideration is not warranted, you should file an immediate response.**

Catherine Stone Curtis, interim trustee (the **"*Trustee*"** or **"*Interim Trustee*"**), the duly appointed and acting Trustee in the above-captioned bankruptcy case, hereby files this her *Emergency Motion to Compel Alleged Debtor to Turn Over Property of the Estate* (the **"*Motion*"**), and would show the Court as follows.  The Trustee requests emergency relief as set out in paragraph 12:

1

**Summary of Relief Requested**

1. The Trustee requests that the Court enter an order compelling the Alleged Debtor to immediately turn over its assets and financial records to the Trustee.

**Background**

2. Sonia Tellez, Carlos Tellez, and Rosemary Rodriguez, individually and next of friend of I. Tellez, a minor (the **"Petitioning Creditors"**) filed an involuntary bankruptcy petition pursuant to 11 U.S.C. § 303 for alleged Debtor Josiah's Trucking, LLC (the **"Alleged Debtor"**) on January 26, 2021.

3. After a hearing on the Petitioning Creditor's *Emergency Motion for an Order Appointing Interim Trustee under 11 U.S.C. § 701 and Granting Emergency Relief* [Docket No. 3], the Court entered an *Order for the Appointment of an Interim Trustee* (the **"Order of Appointment"**) [Docket No. 15]. A copy of the Court's Order of Appointment is attached as **Exhibit A**. Shortly thereafter, the United States Trustee's *Notice of Appointment of Interim Trustee and Fixing of Interim Trustee Bond* [Docket No. 18] was entered appointing Catherine Stone Curtis as the Interim Trustee to, among other things, take possession of the property of the Alleged Debtor's estate. [*See* Docket No. 15 ¶ 4].

4. On February 5, 2021, the Trustee sent a written demand for turnover (the **"First Written Demand"**) by 5:00 p.m. Central Time on Monday, February 8, 2021, to the Alleged Debtor at its place of business care of David Vasquez (**"Vasquez"**), its owner and registered agent according to the Texas Secretary of State's website. A copy of the First Written Demand is attached as **Exhibit B**.

2

5. The First Written Demand was sent via Lone Star Overnight, courier, and certified mail to the Alleged Debtor on February 5, 2021. The First Written Demand was sent again via courier on Monday, February 8, 2021, and the certified mail return receipt shows delivery on February 8, 2021. A copy of the receipts for delivery are attached as **Exhibit C**.

6. When no response from Vasquez or the Alleged Debtor was forthcoming by the stated deadline in the First Written Demand, the Trustee again sent written demand for turnover to the Alleged Debtor. On February 9, 2021, the Trustee sent written demand for turnover (the **"Second Written Demand"**), referencing the items outlined in the First Written Demand, and requesting compliance by 5:00 p.m. Central Time on Thursday, February 11, 2021. A copy of the Second Written Demand is attached as **Exhibit D**. No response has been forthcoming as of the filing of this Motion.

7. The Second Written Demand was sent via regular mail, certified mail, and Lone Star Overnight to the Alleged Debtor on February 9, 2021. The certified mail return receipt shows delivery on February 10, 2021. A copy of the receipts for delivery are attached as **Exhibit E**.

8. The Trustee, in compliance with the Court's Order of Appointment, intends to immediately secure the assets of the Alleged Debtor's estate. Accordingly, the Trustee requires the immediate cooperation of the Alleged Debtor to turn over its assets and financial records.

### Arguments and Authorities

9. At any time after the commencement of an involuntary case and before the order for relief, after notice and hearing, the court may appoint an interim trustee to "take possession of property of the estate and to operate the business of the debtor." 11 U.S.C. § 303(g). When a trustee is appointed, a debtor has a duty to "surrender to the trustee all property of the estate and

any recorded information, including books, documents, records, and papers, relating to property of the estate. . . ." 11 U.S.C. § 521(a)(4).

10. Here, the Court appointed an interim trustee to take possession of the Alleged Debtor's estate and operate the business of the Alleged Debtor. The Trustee is unable to fulfill her duties when the Alleged Debtor does not turn over its assets and financial records.

11. Accordingly, the Trustee requests an order compelling the Alleged Debtor to turn over, within one (1) business day of the entry of this Order, the following:

(1) The location, access/gate code information, keys, titles, and all other identifying information for all vehicles, equipment, office furniture, or any other personal property or assets belonging to Josiah's Trucking, LLC.

(2) The QuickBooks (or similar bookkeeping software, if used in the past two (2) calendar or fiscal years of the company) extract file for 2019, 2020, and 2021, including user names and passwords, delivered via DropBox or similar to ccurtis@pulmanlaw.com.

(3) The last two (2) years of complete bank statements, from including complete account numbers on the statements, for any financial account to which Josiah's Trucking, LLC or you, on behalf of Josiah's Trucking, LLC, has signatory authority, delivered via Drop Box or similar software or via email to ccurtis@pulmanlaw.com, or a physical copy of said bank statements delivered to the Trustee's physical office address.

(4) The last two (2) years of filed tax returns for Josiah's Trucking, LLC, including all depreciation or other attached schedules, delivered via Drop Box or similar software or via email to ccurtis@pulmanlaw.com, or a physical copy of said bank statements delivered to the Trustee's physical office address.

(5) The and 2019 and 2020 general ledger, end of year balance sheet, end of year profit and loss statement, delivered via Drop Box or similar software or via email to ccurtis@pulmanlaw.com, or a physical copy of said bank statements delivered to the Trustee's physical office address.

4

      (6)      Copies of all insurance policies including riders, delivered via Drop Box or similar software or via email to ccurtis@pulmanlaw.com, or a physical copy of said bank statements delivered to the Trustee's physical office address.

The Trustee's physical office address is:

      Pulman, Cappuccio & Pullen LLP
      6316 N. 10th St. Bldg. A, Ste. 102
      McAllen, Texas 78504.

12.    **Emergency Relief Requested.**    The Trustee requests emergency consideration of the Application due to the need to immediately secure assets of the Alleged Debtor's estate and thereby prevent depletion of those assets and/or additional operations from being conducted without the Trustee's knowledge or approval.

13.    **Certificate of Conference**.  The Trustee advised the Alleged Debtor in the Second Written Demand that if she did not receive the requested documents and assets by February 11, 2021, she would file pleading(s) with the Bankruptcy Court to compel its compliance.  As the Alleged Debtor is not represented by counsel, to the Trustee's knowledge, she conferred directly with the Alleged Debtor.

Catherine S. Curtis, Chapter 7 Trustee, prays that the Court enter an order compelling the Alleged Debtor to comply with her demands to turnover of its assets and financial records, and for such other relief as is just.

Date:  February 11, 2021

/s/ Simon R. Mayer
Elizabeth M. Guffy
Texas Bar Number 08592525
Simon R. Mayer
Texas Bar Number 24060243
Locke Lord LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1507
Facsimile: (713) 229-2675
Email: Eguffy@lockelord.com
          Simon.Mayer@lockelord.com

***Proposed Counsel for
Catherine Stone Curtis, Interim Trustee***

*/S/CATHERINE STONE CURTIS*
Catherine Stone Curtis
TBN: 24074100
Federal ID No.: 1129434
PULMAN, CAPPUCCIO & PULLEN, LLP
P.O. Box 720788
McAllen, TX 78504
Ph: (956) 467-1900
Fax: (956) 331-2815
Email: ccurtis@pulmanlaw.com
 *Interim Trustee*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been served on the Alleged Debtor and the United States Trustee by electronic service according to BLR 2014, and on the parties listed below by the method indicated on February 11, 2021.

**U.S. Trustee**

US Trustee (and via email: Alicia.McCullar@usdoj.gov)
606 N Carancahua Street Ste 1107
Corpus Christi, TX 78401

Josiah's Trucking LLC
c/o David Vasquez, Registered Agent
7612 Petirrojo Street
Edinburg, TX 78542
*Alleged Debtor*
*Via U.S. Mail*

Shelby Jordan (and via email: sjordan@jhwclaw.com, aortiz@jhwclaw.com)
Antonio Ortiz
Jordan, Holzer & Ortiz, P.C.
500 N. Shoreline Blvd., Ste 900
Corpus Christi, Texas 78401
*Counsel for Petitioning Creditors*

Matthew Okin (and via email: mokin@okinadams.com)
Okin Adams LLP
1113 Vine St. Ste. 240
Houston, Texas 77002
*Attorney for The Law Office of Rogelio Solis; Rogelio Solis; Ana Gomez, individually and obo Anna Isabel Ortiz, deceased*

Jason A. Powers (and via email: jason.powers@lewisbrisbois.com)
Lewis Brisbois Bisgaard & Smith, LLP
24 Greenway Plaza Drive, Ste. 1400
Houston, Texas 77046
*Attorney for Brooklyn Specialty Insurance*

Luis M. Cardenas (and via email: luis@escobedocardenas.com )
Escobedo & Cardenas, L.L.P.
1602 Dulcinea
Edinburg, Texas 78539
*Attorney for Sonia Tellez, Carlos Tellez and Rose Mary Rodriguez, Individually and As Next Friend of I. Tellez, a minor*

And to all parties requesting notice, by CM/ECF Notice.

*/S/CATHERINE STONE CURTIS*
Catherine Stone Curtis