**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
<u>MCALLEN</u> DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | Case No. 21-70009 |
| JOSIAH'S TRUCKING LLC § | |
|    Alleged Debtor § | (Involuntary Proceeding) |

**RESPONSE OF JOSIAH'S TRUCKING LLC TO THE INTERIM TRUSTEE'S EMERGENCY MOTION TO COMPEL THE ALLEGED DEBTOR TO TURN OVER PROPERTY OF THE ESTATE**

TO THE HONORABLE BANKRUPTCY JUDGE RODRIGUEZ:

Josiah's Trucking, LLC (the "Alleged Debtor") files this Response to the Interim Trustee's Emergency Motion to Compel the Alleged Debtor to Turn Over Property of the Estate (the "Motion"), and in support the Alleged Debtor would show the Court as follows:

    1.    The Alleged Debtor denies the allegations in the Motion, except to the extent expressly stated otherwise as follows. The Alleged Debtor need not admit or deny the allegations in Paragraph "1," as said paragraph merely requests relief. As for Paragraph "2," the Alleged Debtor admits that the involuntary petition was filed but denies that said petition satisfies the requisites of 11 U.S.C. § 303 and thus denies jurisdiction, for the reasons stated in the Alleged Debtor's Motion to Dismiss [**Dkt. 32**]. As for Paragraphs "3" through "7," the Alleged Debtor admits to the existence of the order appointing the Interim Trustee and admits that the Interim Trustee has filed the Motion and that the Interim Trustee has undertaken other acts in connection therewith, but the Alleged Debtor challenges the jurisdiction to enter such order and challenges the interim trustee's appointment and also denies the authority of the interim trustee including the authority to

file the Motion, on the ground that the involuntary petition that initiated this case fails to satisfy the requisites of 11 U.S.C. § 303. The Alleged Debtor need not admit or deny the allegations in Paragraphs "8 through "13," as said paragraphs merely request relief, cite to legal authorities, are procedural in nature, and/or constitute prayer.

2. The Motion should be denied for want of jurisdiction because the underlying involuntary bankruptcy petition fails to satisfy the requisites of 11 U.S.C. § 303, for the reasons stated in the Motion to Dismiss [**Dkt. 32**], which is incorporated herein.

3. In the alternative, if the requisites of 11 U.S.C. § 303 are satisfied (which is strongly denied), the Motion should be denied because this case should be converted to Chapter 11, for the reasons stated in the Alleged Debtor's forthcoming Motion to Convert. See 11 U.S.C. § 303(g) (provides for interim trustee appointment only in a "Chapter 7"; there is no reference therein to Chapter 11 nor anywhere else in § 303 as regards interim trustee appointment). Conversion to Chapter 11, therefore, moots the § 303(g) Turnover Motion.

4. In the further alternative, the Motion should still be denied, for the following reasons.

5. "There is limited case law applying section 303(g)," as the following court observes, accordingly a case outside the Fifth Circuit is excerpted as follows:

> **There is limited case law applying section 303(g), no doubt because the request for such relief is rare**. The case law that does exist counsels that a request for an interim trustee should be denied in "the absence of an exceptionally strong need for doing so" or "where no facts are alleged showing a necessity for the appointment."** In order to appoint a trustee, **a movant must show "a substantial risk of loss to the estate."** Further, in order to avoid the

>appointment of an interim trustee in an involuntary case that may be dismissed, the court must determine, as a preliminary matter, that there is a **reasonable likelihood that an order for relief will be entered**.

*In re Diamondhead Casino Corp.*, 540 B.R. 499, 505 (Bankr. D. Del. 2015) (emphasis added) (footnotes omitted)

6. The above requisites are unsatisfied in this case. For example, the above case law observes that the "rare" granting of 303(g) relief requires, inter alia, that "a movant must show 'a substantial risk of loss to the estate.'" *See Id*. As applied here, with respect to the items that the Interim Trustee seeks to be "turned over," there is no evidence (or alternatively insufficient evidence) that, if those items are not turned over, there will be "a substantial risk of loss to the estate."

7. As further ground to deny the Motion, the Motion's description of what is sought to be turned over is vague, overbroad, and unreasonable. For example, the Motion requests that the Alleged Debtor provide various information regarding of <u>all</u> "personal property." See Para 11 of Motion ("…**all** vehicles equipment, office furniture, or **any other personal property or assets** belonging to Josiah's Trucking, LLC.") Said description is extremely overbroad and would be nearly impossible to comply with (e.g., would literally apply to pencils and toilet paper). Also unreasonable is that the Motion requests that the items be turned over merely within "one business day." *See* Para 11. Also unreasonable is that the requested information is not limited to what is in the Alleged Debtor's possession, custody, or control; as such, the Alleged Debtor would, in order to comply, be forced to create documents that might not otherwise exist. Additionally, the requirement to provide all "keys" to all vehicles would be injurious to the Alleged Debtor's trucking business.

a

8. In the alternative, if the Court grants the Motion (notwithstanding the above reasons why the Motion should be denied), then the Alleged Debtor, in that event, hereby requests that the Court set the amount of the following-described bond. In particular, § 303(g) reads in relevant part:

> The debtor may regain possession of property in the possession of a trustee ordered appointed under this subsection if the debtor files such bond as the court requires, conditioned on the debtor's accounting for and delivering to the trustee, if there is an order for relief in the case, such property, or the value, as of the date the debtor regains possession, of such property.

9. The Court is respectfully requested (if the Court grants the Motion) to set a minimal bond amount, in observance of the "rare" and "extreme" nature of § 303(g) turnover relief. See *Diamondhead Casino Corp.*, 540 B.R. at 505 (characterizing invocation of § 303(g) as "rare" and "extreme")

PRAYER

The Alleged Debtor prays that the Motion be denied, and alternatively prays that the Court set the amount of the bond described above, and for all further relief to which the Alleged Debtor is entitled.

Respectfully submitted,

*/s/ Antonio Villeda*
ANTONIO VILLEDA
State Bar No. 20585300
Email: avilleda@mybusinesslawyer.com
VILLEDA LAW GROUP
6316 North 10th Street, Bldg. B
McAllen, Texas 78504
Telephone: (956) 631-9100
Facsimile: (956) 631-9146

*Attorney for Alleged Debtor*

## CERTIFICATE OF SERVICE

I certify that on February 17, 2021, a copy of the foregoing was sent via ECF to the following and all creditors:

Catherine Stone Curtis                                      Via ECF
PULLMAN, CAPPUCCIO & PULLEN, LLP
P.O. Box 720788
McAllen, Texas 78504
*Chapter 7 Trustee*

Shelby A Jordan                                              Via ECF
JORDAN, HOLZER & ORTIZ, PC
500 N. Shoreline, Suite 900 N
Corpus Christi, Texas 78401
*Attorney for Petitioning Creditors*

Jason A. Powers                                              Via ECF
LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza Drive, Suite 400
Houston, Texas 77046
*Attorney for Brooklyn Specialty Insurance Co. RRG, Inc.*

Luis M. Cardenas                                             Via ECF
ESCOBEDO & CARDENAS, L.L.P.
1602 Dulcinea
Edinburg, Texas 78539
*Attorney for Sonia Tellez, Carlos Tellez*
*And Rose Mary Rodriguez, Individually*
*And as Next Friend of I. Tellez, a minor*

And all other creditors of notice.

<u>Alleged Debtor</u>
Josiah's Trucking LLC                                        Via Email: mayradym83@gmail.com
c/o David Vasquez, Registered Agent
7612 Petirrojo Street
Edinburg, Texas 78542

                                                /s/  Antonio Villeda
                                                  Antonio Villeda