**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
<u>MCALLEN</u> DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | § | | |
| | § | Case No. 21-70009 | |
| JOSIAH'S TRUCKING LLC | § | | |
|    Alleged Debtor | § | (Involuntary Proceeding) | |

**AMENDED MOTION OF JOSIAH'S TRUCKING LLC TO DISMISS INVOLUNTARY PETITION PURSUANT TO 11 U.S.C. § 303**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

EMERGENCY HEARING REQUESTED ON: February 19, 2021 at 10:30 AM

TO THE HONORABLE BANKRUPTCY JUDGE RODRIGUEZ:

Josiah's Trucking, LLC (the **"Alleged Debtor"**) files this Amended Motion to Dismiss the Involuntary Petition [Docket No. 1] (the **"Involuntary Bankruptcy"**) filed by the Petitioning Creditors[1], and in support would show the Court as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested herein is 11 U.S.C. § 303.

## OVERVIEW

2. The Petitioning Creditors filed -- prior to commencing the Involuntary Bankruptcy -- a state court lawsuit against the Alleged Debtor. Said state court action involves the same parties and the same alleged tort claim. Accordingly, there is a "bona fide" dispute that divests any jurisdiction under 11 U.S.C. § 303.

3. Another basis upon which the Petitioning Creditors lack standing to initiate the Involuntary Bankruptcy is that § 303's "three creditor" requirement is unsatisfied. The Alleged Debtor has more than 12 creditors, which mandates at least three petitioning creditors to join the petition. Here, although the Petitioning Creditors consist of three persons who purport to be separate creditors, they share the same tort claim and, therefore, should be counted as one creditor.

---

[1] The "Petitioning Creditors" are Sonia Tellez, Carlos Tellez and Rosemary Rodriguez, Individually and as next friend of I. Tellez, a minor.

4. Another basis upon which the Petitioning Creditors lack standing to initiate the Involuntary Bankruptcy is that their claim is "contingent" under § 303(b).

## RELEVANT FACTUAL BACKGROUND

5. On December 19, 2020, the vehicle collision occurred upon which the Petitioning Creditors base their allegations contained in their State Court Action and their Involuntary Bankruptcy Petition.

6. On January 4, 2021, the Petitioning Creditors filed their state court lawsuit, Cause No. C-0029-21-D with the 206th District Court of Hidalgo County, Texas, the **"State Court Action"** The Alleged Debtor has filed an answer pleading in said lawsuit, which generally denies the allegations pled by the plaintiffs. The Court is asked to take judicial notice of all filings in the State Court Action.

7. On January 26, 2021, the Petitioning Creditors filed an involuntary bankruptcy petition [Dkt. 1] seeking an involuntary order for relief against the Alleged Debtor under Chapter 7.

## LEGAL AUTHORITIES AND ARGUMENT

8. As a general policy, courts must "scrutinize the creditor's filing carefully because 'the filing of an involuntary petition is an extreme remedy with serious consequences to the alleged debtor, such as loss of credit standing, inability to transfer assets and carry on business affairs, and public embarrassment." *In re Cates*, 62 B.R. 179, 180 (Bankr. S.D. Tex. 1986)

9. Section 303(b) of the Bankruptcy Code, which governs eligibility for commencement of involuntary cases, provides that an involuntary bankruptcy can only be commenced by:

> (1) **by three or more entities, each of which is** either a holder of a claim against such person that is not contingent as to liability or the **subject of a bona fide dispute** as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $16,750 [originally "$10,000", adjusted effective April 1, 2019][1] more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
>
> (2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $16,750 [originally "$10,000", adjusted effective April 1, 2019][1] of such claims;

11 U.S.C. § 303(b)(1), (2) (emphasis added).

10. These requirements are "more than mere formalities," but are the linchpin of bankruptcy jurisdiction. _In re Norriss Bros. Lumber Co._, 133 B.R. 599, 608 (Bankr. N.D. Tex. 1991) (quoting _In re Walden_, 781 F.2d 1121 (5th Cir. 1986)).

11. To satisfy its threshold burden, the Petitioning Creditors must prove that the requirements of Section 303(b) are satisfied. See _In re Xacur_, 216 B.R. 187, 194 (Bankr. S.D. Tex. 1997).

12. Here, the Petitioning Creditors fall woefully short of same for the following reasons.

**I.    Dismissal is Required Because the Claims are Subject to "Bona Fide Dispute" and, therefore, the Petitioning Creditors Lack Standing**

13. For <u>standing</u> to file an involuntary petition, a creditor must hold a claim that is not "the subject of a bona fide dispute as to liability or amount." 11 U.S.C. § 303(b)

14. The "bona fide dispute" requirement was added to the Bankruptcy Code to deter misuse of involuntary bankruptcies. See <u>In re Cates</u>, 62 B.R. 179, 180-81 (Bankr. S.D. Tex. 1986) (citing to 30 Cong. Rec. S7618 (June 19, 1984)

15. Congress later doubled-down in 2005 in the BAPCPA amendments by broadening the scope of bona fide dispute to include liability and amount – such that the presence of a dispute as to *either* of those results in a lack of standing to commence a case. *See* 151 Cong. Rec. E677-04, at E677-E678 (Apr. 18, 2005) ("Put simply, the bankruptcy courts in this nation should now uniformly hold that any claim that is subject to a dispute or litigation, or if it is contested, whether as to the amount of the claim, or as to liability for the claim, that claim cannot be used to commence an involuntary bankruptcy case.")

16. While the Bankruptcy Code does not define "bona fide dispute," the Fifth Circuit has held that a debt is subject to a bona fide dispute when "there is an objective basis for either factual or legal dispute as to the validity of the debt." <u>In re Sims</u>, 994 F.2d 210, 221 (5th Cir. 1993)

17. Stated another way, any objective unresolved factual or legal question bearing on either liability or amount owed qualifies as a bona fide dispute for purposes of section 303(b) and, as such, requires dismissal. See <u>In re Sims</u>, 994 F .2d at 221; <u>In re Xacur</u>, 219 B.R. 956 (Bankr. S.D. Tex. 1998) (dismissing involuntary case due to finding bona fide dispute).

18. As applied here, the alleged tort liability that forms the bases for the Involuntary Petition has been pled in the State Court Action (described in the "Background" section above). See filings in the State Court Action, of which the Court is asked to take judicial notice.

19. Accordingly, there is a bona fide dispute. See <u>In re Green Hills Dev. Co., L.L.C</u>., 741 F.3d 651, 659 (5th Cir. 2014) **("Bankruptcy courts routinely consider the existence and character of pending but unresolved litigation as evidence of a bona fide dispute.")**; see also, <u>In re Cates</u>, 62 B.R. at 181 (the Court must condemn a single creditor attempting "'to use the Bankruptcy Court as forum for the trial and collection of an isolated disputed claim,'" **especially when "'[t]here currently exists, in fact, a pending case in state court in which appellant is attempting to enforce the same claim** against the [alleged debtor] as has been asserted in this case.'")

> **II.    Another Ground Upon which Dismissal is Necessary under Section 303(b)(1) is that there are Fewer than Three Petitioning Creditors**

20. Where, as here, an alleged debtor has 12 or more holders of noncontingent, undisputed claims, Section 303(b)(1) applies—not Section 303(b)(2).

21. Therefore, the failure to have at least three petitioning creditors join the Involuntary Petition requires dismissal of this case without any further consideration. *See* <u>In re Runyan</u>, 832 F.2d 58, 59 (5th Cir. 1987) (dismissing involuntary petition because debtor "had more than twelve creditors and two petitioning creditors were incapable of initiating a Chapter 7 involuntary bankruptcy proceeding against [the debtor].")

22. Joint holders of a cause of action should be counted as a single creditor. *See In re T.P. Herndon & Co.*, 87 B.R. 204, 205 (Bankr. M.D. Fla. 1988) ("Generally, the courts have held that **joint holders** of an obligation **constitute a single creditor** for purposes of § 303(b)."); see also, <u>Atwood</u>, 124 B.R. 402, 409 (S.D. Ga. 1991) ("The bankruptcy court found that **Sipple and Gibson held only one claim against Atwood, in the form of their joint judgment** against him….The bankruptcy court relied on these cases to find that the single judgment held by Sipple and Gibson against Atwood constituted a single claim. Consequently, there were at most only two petitioning creditors….After a careful review of the law relating to the issue of joint judgments, the Court agrees with the bankruptcy court's conclusion on this issue. No cases suggest a contrary outcome….It is clear that the petitioning creditors had fewer than three qualifying claims.")

23. As applied here, although the Petitioning Creditors consist of three persons, they jointly assert the same tort claim that stems from the death of the same person. See Original Petition filed in the State Court Action, of which the Court is asked to take judicial notice.

### III. Another Ground Upon which Dismissal is Necessary under Section 303(b) is that the Petitioning Creditors' claim is "contingent."

24. Under 11 U.S.C. § 303(b), a claim must not be contingent.

25. Tort claims are inherently contingent. See <u>All Media Properties, Inc.</u>, 5 B.R. 126, 133 (Bankr. S.D. Tex. 1980).

26. It is true that <u>All Media</u> is frequently cited for the proposition that: "just because a claim is unliquidated, disputed or unmatured apparently does not mean it is contingent."

27.     Equally true, **however**, is that **_All Media_ expressly treats tort claims differently.** See _All Media_ at pg. 133:

> **In the case of a <u>tort claim for negligence</u>, the parties at the time of the alleged negligent act would be presumed to have contemplated that the alleged tort feasor would be liable only if it were so established by a competent tribunal. Such <u>a tort claim is contingent as to liability until a final judgment is entered</u>** fixing the rights of the parties.

_Id_. at 133

28.     Other courts have cited to _All Media_ for the above proposition. See, e.g., _Matter of Ramus_, 37 B.R. 723, 727 (Bankr. N.D. Ga. 1984) (**citing _All Media_ for the proposition that "Generally, tort liability which has not been reduced to judgment prior to the filing of the bankruptcy petition is regarded as contingent."**); _In re Turner_, 32 B.R. 244, 249 (Bankr. D. Mass. 1983) (**citing _All Media_ for the proposition that "the clear weight of authority holds that tort claims are contingent since they are dependent upon a judicial finding of liability against the alleged tortfeasor."**)

29.     Among the cases that cite to _All Media_ for the tort point is the W.D.La. case <u>of _In re Norris_</u>, 183 B.R. 437, 451 (Bankr. W.D. La. 1995), which characterizes _All Media_ as follows:

> Generally, claims were considered contingent if the debtor's duty to pay depended upon the occurrence of an extrinsic event, and such triggering was reasonably contemplated by the debtor and creditor at the time the claim arose.[13] Thus, in the classic case, **a tort claim for negligence would be contingent as to liability until a final judgment was entered establishing the rights of theparties. _In re All Media Properties, Inc_., 5 B.R. at 133. Using the _In re All Media_ reasoning, it is apparent that once a judicial finding of liability occurred and a judgment entered, the issue of contingency is foreclosed.**

*Id*. at 451 (emphasis added)

30. Applying the above case law here, because the Petitioning Creditors' claim sounds in tort[2], the claim is contingent until a final judgment thereon is entered. See case law cited *supra*. Accordingly, § 303(b)'s requirement that the claim "is not contingent as to liability" is unsatisfied.

### IV. Alternative Relief Requested

31. The Alleged Debtor's primary position is that this case should be dismissed, including for want of standing, as set forth above. In the alternative and without waiving said position, the Alleged Debtor requests the following alternative relief.

32. The Alleged Debtor requests conversion to Chapter 11. Upon information and belief, the Alleged Debtor qualifies for Chapter 11, and hereby requests conversion to Chapter 11.

33. In the further alternative, the Alleged Debtor requests that the bond be significantly increased. The bond was set at $100. The bond should be of such amount as to equal the <u>total of the various costs and damages set forth in Section 303(i)</u> ("….against the petitioners and in favor of the debtor for-- (A) costs; or (B) a reasonable attorney's fee; or (2) against any petitioner that filed the petition in bad faith, for-- (A) any damages proximately caused by such filing; or (B) punitive damages.")

### BASIS FOR EMERGENCY RELIEF

---

[2] *Ogbonna v. USPLabs, LLC*, EP-13-CV-347-KC, 2014 WL 2592097, at *8 (W.D. Tex. June 10, 2014) ("**wrongful death claims sound in tort**")

34. An emergency exists because there is a hearing in this case scheduled for February 19, 2021, and the Alleged Debtor is of the position that this Court lacks jurisdiction due to absence of standing, and accordingly, if said jurisdictional issue is not resolved before other issues are heard, there is a risk that judicial resources will be needlessly wasted.

## PRAYER

The Alleged Debtor prays that this case be dismissed with prejudice, for the reasons stated above, and alternatively prays for the alternative relief stated above, and for all further relief to which the Alleged Debtor is entitled.

Respectfully submitted,

/s/ Antonio Villeda
ANTONIO VILLEDA
State Bar No. 20585300
Email:avilleda@mybusinesslawyer.com
VILLEDA LAW GROUP
6316 North 10th Street, Bldg. B
McAllen, Texas 78504
Telephone: (956) 631-9100
Facsimile: (956) 631-9146
*Attorney for Debtor*

## CERTIFICATE OF ACCURACY PURSUANT TO LOCAL RULE 9013-1(i)

I hereby certify the accuracy of the matters set forth in Paragraph 26 of the foregoing motion.

/s/ Antonio Villeda
Antonio Villeda

CERTIFICATE OF SERVICE

I certify that on February 23, 2021, a copy of the foregoing Amended Motion was sent via ECF to the following and all creditors:

Catherine Stone Curtis                         Via ECF
PULLMAN, CAPPUCCIO & PULLEN, LLP
P.O. Box 720788
McAllen, Texas 78504
*Chapter 7 Trustee*

Shelby A Jordan                                Via ECF
JORDAN, HOLZER & ORTIZ, PC
500 N. Shoreline, Suite 900 N
Corpus Christi, Texas 78401
*Attorney for Petitioning Creditors*

Jason A. Powers                                Via ECF
LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza Drive, Suite 400
Houston, Texas 77046
*Attorney for Brooklyn Specialty Insurance Co. RRG, Inc.*

And all other creditors of notice.

<u>Alleged Debtor</u>
Josiah's Trucking LLC                          Via Email: mayradym83@gmail.com
c/o David Vasquez, Registered Agent
7612 Petirrojo Street
Edinburg, Texas 78542

                                                              /s/ Antonio Villeda
                                                                Antonio Villeda